IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:18-CR-347-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| KENNETH RAY BARNES | ) |

This cause comes before the Court on defendant's motion for compassionate release. The government has responded in opposition and the matter is ripe for ruling. For the reasons that follow, defendant's motions are granted.

BACKGROUND

On December 6, 2018, defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute a quantity of cocaine and cocaine base (crack), in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), 846, and possession with the intent to distribute twenty-eight grams of cocaine and cocaine base (crack) and a quantity of cocaine, in violation of 21 U.S.C. § 841(a)(1). On May 1, 2019, the Court sentenced defendant to a total term of sixty-three months' imprisonment. Defendant presently resides at FMC Lexington and has a projected release date of February 20, 22.

On August 3, 2020, defendant filed the instant compassionate release motion. At fifty-one years old and suffering from type II diabetes, obesity, hypertension, a history of stroke and a heart murmur, coronary artery disease and peripheral vascular disease risk factors, a history of smoking, a potentially compromised immune system, defendant argues that the COVID-19 pandemic's prevalence in the Bureau of Prison (BOP) facilities puts his life in serious jeopardy and that this qualifies as an extraordinary and compelling reason warranting relief under 18 U.S.C. §

3582(c)(1)(A). In furtherance of this argument, he also states that he lives with complications from his diabetes, including diabetic neuropathy and chronic gout, and that he is assigned to care level three in the BOP, corresponding to "unstable, complex chronic care."

## DISCUSSION

Subject to few exceptions, a sentence that has been imposed may not be modified. 18 U.S.C. § 3582(c). One exception to this general rule is compassionate release. Prior to the passage of the First Step Act on December 21, 2018,[1] the discretion to file a motion for compassionate release under § 3582(c)(1)(A) rested entirely with the Director of the BOP. Section 603 of the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to provide that a defendant may request compassionate release from the sentencing court after exhausting his administrative remedies.

Compassionate release may be available to defendants where (1) extraordinary and compelling circumstances warrant a reduction in sentence or (2) a defendant who is serving a life sentenced imposed pursuant to 18 U.S.C. § 3559(c) is at least seventy years old and has served at least thirty years in prison. 18 U.S.C. §§ 3582(c)(1)(A)(i)–(ii). A reduction under either section must be consistent with applicable policy statements issued by the United States Sentencing Commission. *Id.* at (c)(1)(A). When reducing a term of imprisonment via compassionate release, a court "may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment[.]" *Id.*

Congress has directed the United States Sentencing Commission to promulgate policy statements describing "what should be considered extraordinary and compelling reasons" for sentence reductions. 28 U.S.C. § 944(t). As of now, however, there is no applicable policy statement governing compassionate-release motions filed by defendants pursuant to §

---

[1] Pub. L. 115-391, 132 Stat. 5194.

3582(c)(1)(A) as recently amended. *United States v. McCoy*, No. 20-6821, No. 20-6869, No. 20-6875, No. 20-6877, 2020 U.S. App. LEXIS 37661, at *27 (4th Cir. Dec. 2, 2020). Therefore, district courts may consider "*any* extraordinary and compelling reason for release that a defendant might raise." *Id.* (citing *United States v. Booker*, 976 F.3d 228, 230 (2d Cir. 2020)). In addition to considering whether extraordinary and compelling circumstances are present, a court must further consider the 18 U.S.C. § 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(2).

The government opposes the motion, arguing the defendant has failed to exhaust his administrative requirements and that his sentence should remain the same based on the totality of the circumstances.

Defendant argues that he satisfied the administrative exhaustion requirement by submitting a request for compassionate release to the warden and allowing a lapse of thirty days from the receipt of the warden's request. Even assuming that defendant did not exhaust his administrative remedies, Section 3582(c)'s exhaustion requirement "may be waived under the following circumstances: (1) the relief sought would be futile upon exhaustion; (2) exhaustion via the agency review process would result in inadequate relief; or (3) pursuit of agency review would subject the petitioner to undue prejudice." *Casey v. United States*, No. 4:18-CR-4, 2020 WL 2297184, at *1 (E.D. Va. May 6, 2020). A number of courts have found that the COVID-19 pandemic implicates the foregoing circumstances. *E.g., United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *3–4 (E.D. Mich. May 15, 2020); *United States v. Zukerman*, No. 16 CR. 194, 2020 WL 1659880, at *2–3 (S.D.N.Y. Apr. 3, 2020). Given the exigencies created by COVID-19, the Court finds that exhaustion would be both futile and potentially subject defendant to undue prejudice. The Court therefore concludes that § 3582(c)'s exhaustion requirement is appropriately waived.

3

The Court finds that defendant's health conditions are sufficiently severe, in that they "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which [he] is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii)(I). Having found defendant eligible for relief under 18 U.S.C. § 3582(c)(1)(A), the Court must next consider the § 3553(a) factors and decide whether to exercise its discretion to provide relief under § 3582(c)(1)(A). Applying these factors, the Court finds that a sentence reduction would neither minimize the seriousness of defendant's offense nor frustrate the promotion of respect for the law and the goals of punishment. While incarcerated, he has completed intensive substance abuse treatment, worked, and maintained good conduct. Defendant has no history of violent crimes. Given this, the Court concludes that requiring defendant to serve the remainder of his sentence would do little to further the purposes of sentencing enumerated in § 3553(a) and that defendant would not pose a danger to another person or community if released.

Based on the foregoing, defendant has demonstrated that extraordinary and compelling reasons warrant a reduction in his sentence and that a sentence reduction otherwise comports with the applicable statutory and policy requirements.

## CONCLUSION

The motion for compassionate release [DE 118] is GRANTED. Defendant's term of imprisonment is REDUCED to TIME SERVED. All other conditions of the Court's judgment remain in full force.

SO ORDERED, this __16__ day of January, 2021.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE